[Cite as *In re B.C.*, 2019-Ohio-3646.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

IN THE MATTER OF:

B.C., ALLEGED DELINQUENT CHILD.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 MO 0025

---

Criminal Appeal from the
Court of Common Pleas, Juvenile Division, of Monroe County, Ohio
Case No. 5626

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. James L. Peters*, Monroe County Prosecutor, and *Atty. Jamie Riley Pointer,* Assistant Prosecutor, 101 North Main Street, Room 15, P.O. Box 430, Woodsfield, Ohio 43793-0430, for Plaintiff-Appellee and

*Atty. Rhonda Santha*, 6401 State Route 534 West Farmington, Ohio 44491, for Defendant-Appellant.

Dated: September 6, 2019

**D'APOLITO, J.**

**{¶1}** Appellant, B.C., Alleged Delinquent Child, appeals from the November 5, 2018 judgment of the Monroe County Court of Common Pleas, Juvenile Division, adjudicating him delinquent of inducing panic pursuant to R.C. 2917.31(A)(2). On appeal, Appellant raises a sufficiency of the evidence argument asserting that the juvenile court erred in overruling his motion to dismiss made at the adjudicatory hearing. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** The facts in this case are not in dispute. In the afternoon on Saturday, September 29, 2018, Appellant, d.o.b 8/5/2003, and a student at River High School, posted a photo to Snapchat. The photo depicts a revolver laying on its side next to an open box of ammunition with the caption, "hoco warm up" with two laughing emojis. The word "hoco" refers to "homecoming."

**{¶3}** The photo was received by at least four individuals, a fellow River High School student and her mother as well as two students at Beallsville High School. Beallsville's homecoming was scheduled on September 29, 2018. River's homecoming was scheduled for October 6, 2018.

**{¶4}** Appellant's classmate, C.T., viewed the photo. C.T. meant to forward the photo to a friend, but instead sent it to her mother. C.T.'s mother notified River's principal, Carl Edward Trifonoff, II, on Monday, October 1, 2018. Principal Trifonoff contacted the superintendent as well as two school resource officers, Deputies Joe Kress and Julie Bilyeu. Deputy Bilyeu began an investigation on October 2, 2018. At the end of the school day, Deputy Bilyeu contacted Captain Denny Knowlton and Deputy Michael Russell. On October 3, 2018, Principal Trifonoff, Assistant Superintendent Rod Caldwell, and Deputy Bilyeu met with Appellant during a suspension hearing. Deputy Bilyeu completed her investigation and contacted the prosecutor's office.

**{¶5}** A delinquency complaint was filed against Appellant on two counts: count one, inducing panic, a misdemeanor of the first degree, in violation of R.C. 2917.31(A)(1);

and count two, inducing panic, a misdemeanor of the first degree, in violation of R.C. 2917.31(A)(2). Appellant was appointed counsel and denied the allegations at his initial appearance. Appellant was remanded to the juvenile detention facility. He was released from custody on October 10, 2018.

{¶6} An adjudicatory hearing was held on November 1, 2018.

{¶7} Five witnesses testified for Appellee, the State of Ohio: C.T., C.T.'s mother, Principal Trifonoff, Deputy Bilyeu, and Deputy Russell. The Snapchat photo posted publicly by Appellant was admitted into evidence. (State's Exhibit 1).

{¶8} C.T. testified that the Snapchat post "was posted publicly on [Appellant's] Snapchat story." (11/1/18 Adjudicatory Hearing T.p. 9). When C.T. received the post, she was "worried" "[a]bout what [Appellant] would do [and] [a]bout what would happen." (T.p. 9). C.T. further stated: "I was afraid for my life and the life of my friends, and fellow students." (T.p. 9-10). C.T.'s mother testified that she took the Snapchat post "as a threat" and she "wasn't taking it lightly" due to the frequency of school shootings which occur in today's society. (T.p. 18). Principal Trifonoff stated that he takes all information in regards to a potential school shooting "[v]ery seriously" and that he "[m]ost definitely" did so in this case. (T.p. 29). Deputy Bilyeu testified that Appellant, during the suspension hearing, "admitted to sending the Snapchat that was in question." (T.p. 39). Deputy Russell answered in the affirmative when asked whether his office takes all threats towards schools or school events "seriously." (T.p. 50).

{¶9} At the conclusion of the State's case, Appellant's counsel moved to dismiss for insufficient evidence which was overruled by the juvenile court.

{¶10} The defense presented two witnesses: Appellant and Appellant's father.

{¶11} Appellant admitted to sending the Snapchat photo. Appellant said he sent it to two Beallsville students and also accidentally sent it to C.T. Appellant claimed, however, that he did not mean to threaten or scare anybody. Appellant said that he had gone to the shooting range earlier that day. During cross-examination, Appellant acknowledged that he could now understand, after the fact, that the post could be perceived by others as a threat.

**{¶12}** Appellant's father testified that he went hunting with his son on Saturday, September 29, 2018. Appellant's father stated that he never had any problems in the past with his son.

**{¶13}** On November 5, 2018, the juvenile court adjudicated Appellant delinquent of inducing panic pursuant to count two of the complaint, R.C. 2917.31(A)(2). The matter proceeded to disposition where Appellant was sentenced to 90 days detention, placed on probation until age 17, ordered to complete 28 hours of community service, prohibited from using or possessing any firearm while on probation, ordered to attend counseling until his counselor recommends release, and ordered to pay a fine and costs. Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

### EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW FOR A FINDING OF DELINQUENT BY REASON OF INDUCING PANIC.

**{¶14}** Appellant challenges the juvenile court's judgment overruling his motion to dismiss for insufficient evidence.

> Sufficiency of the evidence is the legal standard applied to determine whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Dickson*, 7th Dist. Columbiana No. 12 CO 50, 2013-Ohio-5293, ¶ 10 citing *State v. Thompkins*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). Sufficiency is a test of adequacy. *Id.* Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *Id.* citing *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998).

*State v. Miller*, 7th Dist. Mahoning No. 16 MA 0103, 2018-Ohio-2476, ¶ 10.

Case No. 18 MO 0025

{¶15} Appellant was adjudicated delinquent of inducing panic pursuant to count two of the complaint, R.C. 2917.31(A)(2), which states: "(A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by * * * (2) [t]hreatening to commit any offense of violence[.]"

{¶16} Although Appellant claims he did not intend for his Snapchat post to be threatening or violent, the photo speaks for itself and must be viewed in light of the world in which we live which includes multiple and frequent shootings in schools. Appellant's photo clearly depicts a handgun and ammunition with reference that he was warming up for homecoming. (State's Exhibit 1). Appellant further posits that "serious public inconvenience or alarm" under R.C. 2917.31(A)(2) were not proven in this case, however, the evidence establishes that fear was present.

> Neither the statute nor its legislative notes define serious public inconvenience or alarm. The legislative notes simply explain that "the section is designed primarily to avoid the harm which may result from panic." * * * [M]ere public awareness of an event is not sufficient to satisfy the element of serious public inconvenience or alarm; there must be some type of disruption, discomfort, distress, or fear caused by one or more of the three predicate actions found in R.C. 2917.31(A)(1)-(A)(3).

*In re J.C.*, 11th Dist. Lake No. 2012-L-083, 2013-Ohio-1292, ¶20.

{¶17} Both C.T. and her mother considered Appellant's Snapchat post threatening and indicated they were fearful of what might happen. As stated, C.T. testified for the State that the September 29, 2018 Snapchat post "was posted publicly on [Appellant's] Snapchat story." (11/1/18 Adjudicatory Hearing T.p. 9). When C.T. received the post, she was "worried" "[a]bout what [Appellant] would do [and] [a]bout what would happen." (T.p. 9). C.T. further stated: "I was afraid for my life and the life of my friends, and fellow students." (T.p. 9-10). C.T.'s mother testified for the State that she took the Snapchat post "as a threat" and she "wasn't taking it lightly" due to the frequency of school shootings which occur in today's society. (T.p. 18).

{¶18} C.T.'s mother took the information directly to school officials on the very next school day, Monday, October 1, 2018, and prior to River's October 6, 2018

scheduled homecoming. River's principal, Trifonoff, contacted the superintendent as well as two school resource officers, Deputies Kress and Bilyeu. Deputy Bilyeu began an investigation on October 2, 2018. The next day, Principal Trifonoff, Assistant Superintendent Caldwell, and Deputy Bilyeu met with Appellant during a suspension hearing. Deputy Bilyeu completed her investigation and contacted the prosecutor's office.

{¶19} At the adjudicatory hearing, Principal Trifonoff testified for the State that he takes all information in regards to a potential school shooting "[v]ery seriously" and that he "[m]ost definitely" did so in this case. (T.p. 29). Deputy Bilyeu testified for the State that Appellant, during the suspension hearing, "admitted to sending the Snapchat that was in question." (T.p. 39). Deputy Russell indicated that his office takes all threats towards schools or school events "seriously." (T.p. 50).

{¶20} Based on the facts presented, there is sufficient evidence upon which the trier of fact could reasonably conclude beyond a reasonable doubt that the elements of inducing panic pursuant to R.C. 2917.31(A)(2) were proven. Thus, the juvenile court did not err in overruling Appellant's motion to dismiss for insufficient evidence.

## CONCLUSION

{¶21} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Monroe County Court of Common Pleas, Juvenile Division, adjudicating Appellant delinquent of inducing panic pursuant to R.C. 2917.31(A)(2) is affirmed.

Donofrio, J., concurs.

Waite, P.J., concurs.

Case No. 18 MO 0025

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Juvenile Division, of Monroe County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**